UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

PIA D. SACCHETTA, as surviving Parent
of JAMES THOMAS ANGLIN, II, deceased
and PIA D. SACCHETTA, as Personal
Representative of the Estate of JAMES
THOMAS ANGLIN, II, deceased,

    Plaintiffs,

vs.                                    CASE NO. 5:19-cv-561-Oc-30PRL

LAKE COUNTY, FLORIDA; LAKE
COUNTY SHERIFF, PEYTON C. GRINNELL;
ZACK MARABLE; and JOSHUA SEARCY,

    Defendants.
_____/

## MOTION TO STRIKE PLAINTIFF'S DISCLOSURE OF REBUTTAL WITNESS AND RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO DISCLOSE REBUTTAL EXPERT AND FOR EXTENSION OF DISCOVERY DEADLINE

Defendants, PAYTON C. GRINNELL, in his official capacity as Sheriff of Lake County, Florida, and ZACK MARABLE and JOSHUA SEARCY, in their individual capacities, by and through their undersigned counsel, pursuant to Federal Rules of Civil Procedure 26 and 37, hereby file this motion to strike Plaintiff's disclosure of rebuttal witness and response in opposition to Plaintiff's Motion For Extension Of Time To Disclose Rebuttal Expert And For Extension Of Discovery Deadline, and states as follows:

1. The Plaintiff improperly filed Plaintiff's Disclosure Of Rebuttal Expert (Doc. 20) with the Court on September 2, 2020 in violation of the Case Management Scheduling Order (Doc. 6) and Federal Rule Civil of Procedure 26(a)(2)(B). The

Plaintiff's disclosure failed to contain a report that discloses the testimony and opinion of Donald Leach. This is the second time that the Plaintiff has violated this Court's Case Management Order. After the close of the deadline, the Plaintiff served a report and the Defendants move to strike the Plaintiff's untimely disclosure. The Defendants also oppose the Plaintiff's request for a second extension of the Court ordered deadline for discovery.

2. The Plaintiff filed the Complaint And Demand For Damages on August 14, 2019 alleging state and federal claims against Defendant, PAYTON C. GRINNELL, in his official capacity as Sheriff of Lake County, Florida (hereinafter "Defendant, Sheriff") and ZACK MARABLE (hereinafter "Defendant Marable") and JOSHUA SEARCY (hereinafter "Defendant Searcy"), in their individual capacities.

3. In the early hours of February 14, 2018, the Decedent, James Thomas Anglin, II was arrested for possession of a controlled substance, methamphetamine and possession of paraphernalia and was incarcerated in the Lake County Jail. Mr. Anglin submitted to an Armor Correctional Health Services, Inc. health screening within hours of being booked into the facility. Unbeknownst to the individual Defendants, the nurse placed Mr. Anglin on detox protocol. Mr. Anglin was approved to be housed in general population, but the individual Defendants had no access to his medical records and were unaware of the detox protocols or that Mr. Anglin ingested methamphetamine. Mr. Anglin had a seizure on February 15, 2018 and later died of methamphetamine intoxication, despite promptly receiving

medical care. Prior to filing suit, the Plaintiff settled with Armor Correctional Health Services, Inc. related to this unfortunate incident.

4. Pursuant to Local Rule the parties met on November 12, 2019 to prepare the Case Management Report and filed the agreed upon Case Management Report on December 4, 2019, which was silent as to rebuttal experts. (Doc. 5)

5. On December 10, 2019, the Court entered its Case Management Order and set the deadlines for expert disclosures, Plaintiff's on June 1, 2020 and Defendants' on July 1, 2020. (Doc. 6 at 2)

6. The Plaintiff failed to properly disclose Plaintiff's experts by June 1, 2020and disclosed the names of Plaintiff's experts, but did not provide the experts' reports.

7. After the Court imposed deadline expired, on June 22, 2020, the Plaintiff sought to extend the deadlines for Plaintiff's expert disclosure to July 1, 2020 and Defendants' expert disclosure on August 3, 2020. (Doc. 12)

8. The Defendants did not object to the Plaintiff's first extension and the Court granted the extension. (Doc. 12, Doc. 13)

9. The Defendants timely disclosed their experts in compliance with this Court's order and the Federal Rules of Civil Procedure on August 3, 2020.

10. The Defendants took the deposition of Plaintiff's disclosed expert, Linda Bernard, RN, CCHP-RN, by remote audio-video conference on Tuesday, August 25, 2020, at 1:30PM. Dr. Ken Starr, Plaintiff's other expert was deposed by the Defendants on September 1, 2020.

11. Following the deposition of Nurse Bernard, the Plaintiff seeks a second extension of the expert disclosure deadline in order to *locate* and disclose a rebuttal expert. The Plaintiff's motion indicates that he is "working to obtain and disclose" an expert to review the opinions of Dr. Hough and offer opinions to contradict Dr. Hough.

12. The Plaintiff admits believing the currently retained Plaintiff's experts can address the opinions of Dr. Hough, but requests "in abundance of caution" permission hire a new expert to an offer opinions by October 3, 2020.

13. The Plaintiff's request to extend the rebuttal expert disclosure comes more than three weeks after the Defendants' disclosure of expert Dr. Richard M. Hough, Sr. and after the Plaintiff has been aware of the substance of his opinions for more than 3 weeks. Other than the fact that the Plaintiff "worked diligently to understand Defendants' disclosures", the reason for the delay is not addressed in the Plaintiff's motion.

14. Since that time, on September 2, 2020 the Plaintiff filed a name and curriculum vitae, but did not disclose a report or the substance of the opinion. After the deadline to disclose rebuttal experts expired, the Plaintiff served a report. The Plaintiff's disclosure is untimely and subject to being stricken by this Court. The tardy disclosure of the rebuttal expert's opinions was made in the face of the impending discovery deadline. The parties have numerous discovery deadlines scheduled over the course of the following month, and now with less than 26 days left in the discovery period, the Plaintiff discloses an untimely 32 page "rebuttal" expert

report. Moreover, the report reserves "the right to supplement any and all opinions once all fact discovery has been reviewed."

15. This is the second time the Plaintiff has violated this Court's Case Management Order deadlines and Rule 26. The Defendants request that the Court strike the Plaintiff's rebuttal witness's report.

16. The Plaintiff also seeks to extend the discovery deadline to November 1, 2020, but fails to provide good cause for the request. The Defendants object because the reasons raised in the motion are a product of the Plaintiff's delay or otherwise insufficient to meet the good cause standard, as discussed below.

17. The Defendants object to the relief sought in the Plaintiff's motion as it unduly prejudices the Defendants and causes unfair delay. If the Court grants the Plaintiff's extension, the Defendants would have extremely limited time to conduct discovery regarding the new expert opinions disclosed by the Plaintiff. Moreover, the dispositive motion deadline would need to be continued as the requested discovery deadline would be one day before the dispositive motion deadline. Ultimately the trial date would need to be continued to allow enough time for the Court and the parties to complete the other Court ordered deadlines.

## MEMORANDUM OF LAW

A court's deadlines that are set forth in its scheduling order may be extended "only for good cause." Fed. R. Civ. P. 6(b)(1), 16(b)(4). The Plaintiff fails to demonstrate the good cause standard set forth in Federal Rules of Civil Procedure 6 and 16.

The Plaintiff seeks to extend the discovery deadline to November 1, 2020, but fails to provide good cause for the request. The Plaintiff argues that "additional facts" were discovered in the May 14, 2020 deposition of Defendant Marable. The Plaintiff does not indicate the reason for waiting more than three months after the May 14, 2020 deposition to seek an extension of the discovery deadline. The Plaintiff had already taken the deposition of Defendant Marable at the time that the Plaintiff sought the first extension of the expert disclosure on June 22, 2020, but made no mention of the "additional facts." The Plaintiff also fails to state how these "additional facts" from the May 14, 2020 deposition of Defendant Marable allegedly caused or contributed to the Plaintiff's request to extend discovery.

The Plaintiff argues that the deposition of Defendant Marable prompted the need for additional discovery that is pending. The only discovery that Plaintiff served after the May 14, 2020 deposition of Defendant Marable was served just days ago on August 26, 2020.

The Plaintiff claims that the depositions of two key nurses are set for September 11, 2020 and the Plaintiff *anticipates* that their depositions may cause additional discovery. The Plaintiff cannot schedule a deposition close to the discovery deadline, then use the potential of discovery of new information as a reason for enlarging the discovery deadline. The Plaintiff asserts difficulty in coordinating the depositions of the nurses, but the Defendants have no knowledge of the circumstances of that difficulty. The Plaintiff did not move to compel or request any Court intervention. The enlargement of the discovery deadline would cause undue delay and impact all other deadlines, including the trial date.

The Plaintiff's request to extend the time to obtain rebuttal expert opinion should also be denied. The Plaintiff previously received and extension on the expert disclosure, which the Defendants did not object. However, after the Defendants timely disclosed their experts, the Plaintiff waited more than three weeks to request to enlarge the time to disclose a rebuttal expert. After the parties' initial disclosures of proposed expert testimony, opposing parties have thirty days to disclose any expert witness who will offer evidence "intended solely to contradict or rebut evidence on the same subject matter identified by another party." Fed. R. Civ. P. 26(a)(2)(D)(ii). There is absolutely no reason for the enlarged deadline and the Plaintiff falls short of providing good cause for the delay. Significantly, the Plaintiff waited until the Defendants took the deposition of Plaintiff's expert Nurse Bernard to seek the second extension of the Court ordered deadlines. At the time that the Plaintiff filed the motion for extension, the Plaintiff had not yet hired a rebuttal expert, since then the Plaintiff disclosed an expert without a report. The September 2, 2020 disclosure is insufficient because it fails to include a report that complies with the rules. Then after the time to disclose the substance of the opinions expired, the Plaintiff provided a 32 page report from the "rebuttal" expert. Under Rule 37(c)(1), if a party fails to comply with these disclosure requirements, "the party is not allowed to use that…witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

"Rule 26…is intended to provide opposing parties reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." See *Brown v. NCL (Bahamas) Ltd.*, 190 F. Supp. 3d 1136, 1143 (S.D.

Fla. 2016) The Plaintiff's insufficient and improper disclosure of Mr. Leach is not harmless. The disclosure is less than a month before the close of fact discovery. This belated disclosure is prejudicial towards the Defendants. Since the Plaintiff has failed to timely disclose the substance of the expert opinion of Mr. Leach the Defendants are prevented from conducting a proper and exhaustive investigation of the substance of his background, expertise, and his opinions that Defendants would have conducted had Mr. Leach's been properly and timely disclosed. Moreover, the disclosure and Mr. Leach's report reserve "the right to supplement any and all opinions once all fact discovery has been reviewed." It is clear that the untimely report is not a complete disclosure. The Plaintiff makes it clear that he intends to continue to disclose expert opinions, regardless of the imposed deadlines. The requested extension causes the Defendants extremely limited time to conduct discovery regarding the new expert opinions that have not yet been disclosed by the Plaintiff. Thus, the Defendants request the Court strike the untimely disclosed opinions of Mr. Leach.

WHEREFORE, Defendants PAYTON C. GRINNELL, in his official capacity as Sheriff of Lake County, Florida, and ZACK MARABLE and JOSHUA SEARCY, in their individual capacities, request that this Court enter its Order denying the Plaintiff's motion and striking Plaintiff's rebuttal expert disclosure (Doc. 20) and any other remedy the Court deems fit.

### 3.01(g) CERTIFICATION

This certifies that the undersigned counsel that counsel for the Defendant conferred with the Plaintiff's Counsel regarding the relief sought in this motion and Plaintiff objects.

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of September 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to Plaintiff's counsel, **Jack T. Cook, Esquire,** Morgan & Morgan, P.A., Post Office Box 4979, Orlando, FL 32802.

/s/ Bruce R. Bogan
Bruce R. Bogan, Esquire
Florida Bar No. 599565
Melissa J. Sydow, Esquire
Florida Bar No. 39102
Hilyard, Bogan & Palmer, P.A.
Post Office Box 4973
Orlando, FL 32802-4973
Telephone: 407-425-4251
Facsimile: 407-841-8431
Email: bbogan@hilyardlawfirm.com
Email: msydow@hilyardlawfirm.com
    Attorneys for Defendants, Sheriff Grinnell, Joshua Searcy and Zack Marable