**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**PIA D. SACCHETTA and PIA D.**
**SACCHETTA, as Surviving Parent of**
**James Thomas Anglin, II**

      **Plaintiffs,**

**v.**                                    **Case No: 5:19-cv-561-Oc-30PRL**

**PEYTON C. GRINNELL, JOSHUA**
**SEARCY, LAKE COUNTY, FLORIDA**
**and ZACK MARABLE,**

      **Defendants.**

_____

**ORDER**

In this action, Pia D. Sacchetta—in her capacity as both the surviving parent and personal representative of the estate of her deceased son, James Thomas Anglin, II—alleges that Defendants ignored her son's plainly obvious emergency medical needs while in custody at Lake County Detention Center, causing his death. Specifically, Plaintiff alleges that her son had ingested a large amount of methamphetamine before his arrest. Then, while in custody, he became critically ill and required emergency medical treatment. She alleges that her son's illness, condition, and need for emergency medical care were both plainly obvious (he was vomiting, seizing, unable to speak, and unable to get out of bed for hours) and directly reported (by his cellmates) to the two officers on duty (Defendant Marable and Defendant Searcy). Plaintiff asserts that Defendants were deliberately indifferent to that need by failing to report Mr. Anglin's condition to medical staff and failing to allow him to obtain medical care. As a result, Mr. Anglin died.

In Count I, Plaintiff seeks damages against Defendants Marable and Searcy under 42 U.S.C. § 1983 for the alleged deliberate indifference to Mr. Anglin's serious medical needs in

violation of his due process rights under the Fourteenth Amendment. In Count II, Plaintiff alleges

a state law claim for wrongful death against all Defendants pursuant to Fla. Stat. § 768.28.

Prior to filing this action, Plaintiff (as personal representative of Mr. Anglin's estate)

initiated medical malpractice claims against Armor Correctional Health Services (hereinafter

"Armor") and two of their employed nurses. At the time of her son's death, Armor provided

medical services at the Detention Center pursuant to a contract with the Sheriff. During the

statutory pre-suit period, Plaintiff and Armor reached a settlement of the medical malpractice

claims and executed a confidential settlement agreement.

Now, in this case, Defendants seek production of the confidential settlement agreement.

Plaintiff has objected to its production on the grounds that it is confidential, privileged, and outside

of the scope of discovery.[1] Defendants thus move to compel its production.

A party is entitled to "discovery regarding any nonprivileged matter that is relevant to any

party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

"Information within this scope of discovery need not be admissible in evidence to be

discoverable." *Id.* A party may move for an order compelling disclosure or discovery. Fed. R. Civ.

P. 37. The Court has broad discretion in managing pretrial discovery matters and in deciding to

compel. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011);

*Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1263 (11th Cir. 2002).

However, in reviewing the parties' papers, there is no real dispute that Defendants are

entitled to disclosure of the settlement amount. Plaintiff concedes that the amount of settlement

---

[1] According to Ms. Sacchetta's counsel, Armor has also objected to producing the confidential settlement agreement by way of objection to a non-party subpoena. (Doc. 17 at 4). Ms. Sacchetta's counsel reports that Armor's attorney contacted him and conveyed his objection, noting that Armor objects to the disclosure of the confidential settlement agreement, and that absent a Court Order, counsel would take the position that its disclosure violates confidentiality.

"may be relevant in terms of set-off," and asks the Court to consider less intrusive means of disclosing the settlement amount without requiring production of the confidential settlement agreement. (See Doc. 17 at 9). And, Defendants' relevancy arguments focus solely on "the amount of the settlement"—not on the entire agreement. (See Doc. 15 at 6-7).

Accordingly, Defendants' motion (Doc. 15) is **GRANTED** to the extent that within **ten (10) days** of this Order, Plaintiff shall produce to Defendants the amount of the settlement with Armor pursuant to an agreed upon confidentiality agreement.

**DONE** and **ORDERED** in Ocala, Florida on September 11, 2020.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties